UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|   |   |
|---|---|
| AMBER SOUTHER, JESSICA JOHNSON, And REBECCA COOK<br>　　Plaintiffs,<br><br>v.<br><br>MR. STAX, INC., SEABROOK PANCAKES, INC., CHARLES MONISINOS, OLIVER PEREZ, MARIA WREN and HAROLD CERON,<br>　　Defendants. | Civil Action No.: |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendants Mr. Stax, Inc., Seabrook Pancakes, Inc., Charles Montesinos[1], Maria Wren and Harold Ceron (collectively, "Defendants"[2]) hereby give notice of the removal of this action that is currently pending in the Superior Court of New Hampshire in Rockingham County, captioned <u>Amber Souther, et al. v. Mr. Stax, Inc., et al.</u>, Civil Action No.: 218-2021-CV-00106, to the United States District Court for the District of New Hampshire. As grounds for removal, Defendants state as follows:

1. Defendants remove this case on the basis of (1) federal question jurisdiction and (2) diversity jurisdiction because there is complete diversity of citizenship among the parties to this litigation and the amount in controversy exceeds $75,000 exclusive of interests and costs. See 28 U.S.C. § 1332(a)(1) ("[t]he district courts shall have original

---

[1] Montesinos states he has been wrongfully named herein as "Charles Monisinos," his true name being Charles Montesinos.
[2] Undersigned counsel does not represent defendant Oliver Perez, who, upon information and belief, has not been served.

1

Case 1:21-cv-00180-LM   Document 1   Filed 02/26/21   Page 2 of 8

jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states.").

## BACKGROUND

2. On or about January 31, 2021, plaintiffs Amber Souther, Jessica Johnson and Rebecca Cook ("Plaintiffs") filed a complaint in the New Hampshire Superior Court for Rockingham County, naming Defendants and another individual, Oliver Perez, as party defendants. See Pl.'s Compl. ¶¶ 10-18.

3. Plaintiffs allege that they were (1) discriminated against on the basis of gender and national origin (American), in violation of N.H. R.S.A. 354-A:6 & 7 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; and (2) subjected to a hostile work environment, in violation of N.H. R.S.A. 354-A:6 & 7 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* See id. at ¶¶ 122-169. Plaintiffs also allege that Defendants retaliated against them, in violation of N.H. R.S.A. 354-A:19 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a). See id. at ¶¶ 170-178.

## TIMELINESS OF REMOVAL

4. Via e-mail dated February 1, 2021, Plaintiffs' counsel provided Defendants' counsel with notice of filing suit, and on February 11, 2021, Defendants' counsel informed Plaintiffs' counsel that Defendants' counsel was authorized to accept service on behalf of Defendants. (Aff. Matthew J. Lynch ("Lynch Affidavit") ¶ 2.)

5. This Notice of Removal is timely because it is filed within 30 days from the date that Defendants received a copy of the initial pleadings setting forth the claims for relief upon which Plaintiffs' action is based. See 28 U.S.C. § 1446(b)(1).

2

## FEDERAL QUESTION

6. Federal question jurisdiction under § 1331 includes two types of actions, one of which is a direct federal question "in which the plaintiff pleads a cause of action that has its roots in federal law." P.R. Tel. Co., Inc. v. SprintCom, Inc., 662 F.3d 74, 86 (1st Cir. 2011); Bassi v. Krochina, No. 12-cv-39-JD, 2012 U.S. Dist. LEXIS 63232, at *7 (D.N.H. May 3, 2012).

7. Here, Plaintiffs allege four causes of action under Title VII of the United States Code: hostile work environment (gender); disparate treatment (gender); hostile work environment (national origin); disparate treatment (national origin); and retaliation.

8. Because Plaintiffs allege causes of action arising under federal law, specifically, Title VII, Plaintiffs present a direct federal question that vests this Court with jurisdiction, and removal is therefore proper pursuant to federal question jurisdiction. See Smith v. F.W. Morse & Co., 76 F.3d 413, 419 (1st Cir. 1996).

## DIVERSITY OF CITIZENSHIP

9. Complete diversity of citizenship exists in this matter because Defendants are citizens of a different state than Plaintiffs. See 28 U.S.C. § 1332(a).

10. Plaintiff Amber Souther alleges that she is an individual residing in the State of New Hampshire. (Pls.' Compl. ¶ 10.) Souther is therefore a citizen of New Hampshire for diversity purposes.

11. Plaintiff Jessica Johnson alleges that she is an individual residing in the State of New Hampshire. (Pls.' Compl. ¶ 11.) Johnson is therefore a citizen of New Hampshire for diversity purposes.

12. Plaintiff Rebecca Cook alleges that she is an individual residing in the State of New Hampshire.  (Pls.' Compl. ¶ 12.)  Cook is therefore a citizen of New Hampshire for diversity purposes.

13. At the time of the filing of the Complaint, defendant Mr. Stax, Inc. was, and currently is, a corporation formed under the laws of Nevada with its principal place of business at 25060 Avenue Stanford Ste 200, Valencia, Cal. 91355.  Defendant Mr. Stax, Inc. is therefore not a citizen of New Hampshire for diversity purposes.

14. At the time of the filing of the Complaint, defendant Seabrook Pancakes, Inc. was, and currently is, a corporation formed under the laws of Nevada with its principal place of business at 25060 Avenue Stanford Suite 200, Valencia, Cal. 91355. Defendant Seabrook Pancakes, Inc. is therefore not a citizen of New Hampshire for diversity purposes.

15. At the time of the filing of the Complaint, defendant Charles Montesinos was, and currently is, an individual residing in the Commonwealth of Massachusetts. Montesinos is therefore not a citizen of New Hampshire for diversity purposes.

16. At the time of the filing of the Complaint, defendant Maria Wren was, and currently is, an individual residing in the State of California. Wren is therefore not a citizen of New Hampshire for diversity purposes.

17. At the time of the filing of the Complaint, defendant Harold Ceron was, and currently is, an individual residing in the State of Texas. Ceron is therefore not a citizen of New Hampshire for diversity purposes.

18. There is complete diversity between Plaintiffs and Defendants in this action because Plaintiffs are citizens of the State of New Hampshire, and Defendants are not citizens of the State of New Hampshire.  See 28 U.S.C. § 1332(a)(1).

**AMOUNT IN CONTROVERSY**

19. Plaintiffs' allegations create a reasonable expectation that the amount in controversy will exceed the minimum of $75,000 required for diversity jurisdiction, pursuant to 28 U.S.C. § 1332.  As a general rule, multiple plaintiffs cannot aggregate their separate, individual claims to meet the jurisdictional amount threshold.  <u>CE Design, Ltd. v. Am. Econ. Inc. Co.</u>, 755 F.3d 39, 43 (1st Cir. 2014).  Although a limited exception exists when several plaintiffs unite to enforce a single title or right in which they have a common and undivided interest, Defendants respectfully submit that this Court need not determine the applicability of the exception to this matter because each of the individual Plaintiffs' claims separately meets the amount-in-controversy requirement.  <u>See</u> <u>id.</u>

20. Each Plaintiff alleges they have suffered "harm and damages, including, but not limited to loss of wages and other benefits, loss of professional opportunities and development, harm to their reputation, considerable emotional distress, humiliation, stress and anxiety, pain and suffering, other pecuniary and nonpecuniary losses, punitive damages, attorneys' fees, and costs." Pls.' Compl. ¶¶ 132, 144, 157, 169, 178.

21. When, as in this matter, the complaint does not claim a specific amount of damages, removal from state court pursuant to diversity jurisdiction is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.  <u>Evans v. Yum Brands, Inc.</u>, 326 F. Supp. 2d 214, 220-21 (D.N.H. 2004).  In situations where the "facially apparent" test is not met, the district court can require parties to submit summary judgement-type evidence, relevant to the amount in controversy at the time of removal.  <u>Id.</u>

22. Here, each individual plaintiff alleges significant, and apparently ongoing, physical and emotional distress as a result of the allegedly hostile work environment and disparate treatment that spanned, in the case of Souther of Johnson, two-to-three years and, in the case of Cook, nearly two years.  Pls.' Compl. ¶¶ 25-27, 91, 101, 104, 112, 116-118, 132.  New Hampshire juries in state and federal matters have awarded in excess of $75,000 in cases where the jury found that plaintiffs were subjected to a hostile work environment for similar periods of time.  (Lynch Affidavit ¶ 3.)  Thus, it is facially apparent from Plaintiffs' complaint that the amount in controversy for each Plaintiffs' claim is reasonably likely to exceed $75,000.  See id.

23. Additionally, each Plaintiff would, if successful, be entitled to recover statutory attorneys' fees and, because the applicable state statute provides for recovery of attorneys' fees, these fees are considered for purposes of determining the amount in controversy.  See Spielman v. Genzyme Corp., 251 F.3d 1, 7 (1st Cir. 2001).  Plaintiffs' lengthy and wide-ranging complaint suggests that extensive discovery, including depositions of many non-party witnesses, will be necessary and, as such, Plaintiffs' potential attorneys' fees are likely significant.  Thus, it is further facially apparent from Plaintiffs' complaint that the amount in controversy for each of their respective claims is reasonably likely to exceed $75,000.

24. To the extent this Court determines that the amount in controversy is not facially apparent from Plaintiffs' complaint, Defendants note that prior to filing suit, Plaintiffs itemized their alleged special and compensatory damages, and each Plaintiff claimed, separately and individually, damages in excess of $250,000.  (Lynch Affidavit ¶ 4.)

25. Therefore, if accepted at face value, Plaintiffs' allegations create a reasonable expectation that the amount in controversy for each individual claim will exceed the jurisdictional minimum of $75,000.

**ALL PROCEDURAL PREREQUISITES TO REMOVAL HAVE BEEN MET**

26. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), Defendants are filing this Notice of Removal in the federal district court for the district within which the state court Complaint was filed.

27. Pursuant to 28 U.S.C. § 1391, venue is proper in the United States District Court for the District of New Hampshire, as the Complaint in this action was filed in the Superior Court of New Hampshire, Rockingham County.

28. Defendants will give written notice of the filing of this Notice of Removal to all other parties and will file a copy of this Notice of Removal with the Clerk of the New Hampshire Superior Court for Rockingham County, as required by 28 U.S.C. § 1446(d).

29. In removing this action, Defendants do not intend to waive any rights or defenses to which they are otherwise entitled under the Federal Rules of Civil Procedure or applicable state or federal law.

30. Based upon the record submitted with this notice, this Court has jurisdiction over Plaintiffs' claims and the Complaint is properly removed to this Court.

WHEREFORE, Defendants Mr. Stax, Inc., Seabrook Pancakes, Inc., Charles Montesinos, Maria Wren and Harold Ceron respectfully request that this action proceed in the United States District Court for the District of New Hampshire, as an action properly removed from state court.

Respectfully Submitted,
Defendants,
MR. STAX, INC., SEABROOK PANCAKES, INC., CHARLES MONTESINOS, MARIA WREN, AND HAROLD CERON,
By their attorneys,

*/s/ Matthew J. Lynch*
Andrew R. Ferguson, NH Bar No. 266197
Matthew J. Lynch, NH Bar No. 21184
Coughlin Betke LLP
175 Federal Street
Boston, MA 02110
(617) 988-8050
aferguson@coughlinbetke.com
mlynch@coughlinbetke.com

**CERTIFICATE OF SERVICE**

I, Matthew J. Lynch, do hereby certify that on this 26th day of February 2021, I filed a copy of the within documents via the ECF system and served a copy of same to all counsel of record via email to:

Mark M. Whitney
Whitney Law Group, LLC
mwhitney@whitneylawgroup.com

*/s/ Matthew J. Lynch*
Matthew J. Lynch